# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. )<br>**ANTHONY DINGUS** (#R-44941), )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>**KIMBERLY BUTLER**, Warden, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Respondent. ) | Case No. 16 C 1875 |

## MEMORANDUM ORDER

After respondent Warden Kimberly Butler had filed an Answer to the 28 U.S.C. § 2255 ("Section 2255") motion that had been initiated pro se by federal prisoner Anthony Dingus ("Dingus"), this Court determined both (1) that a reply to that Answer was called for (see Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts) and (2) that Dingus should have the benefit of knowledgeable counsel to provide the legal services needed to deal with that reply. So on June 1, 2016 (nunc pro tunc May 26, 2016) this Court issued an appointment order under the Criminal Justice Act that designated experienced criminal defense lawyer John Beal to provide that service.

Since then this Court has been awaiting attorney Beal's submission of that reply (admittedly a complex matter, given the nature of Dingus' motion and the government's Answer), but at the beginning of this week this Court was surprised to receive from attorney Beal a brief "Motion for Leave To File Amended Petition" instead. In addition to speaking in general terms as to the posture of the reply itself, attorney Beal's motion stated in part:

> However, in the course of reviewing and analyzing the state court pleadings counsel has identified three additional claims that are not included in the pro se petition, but which appear to be legitimate claims that have not been procedurally defaulted.

In that light this Court believes it would be a disservice to all those involved if it were to rule on Dingus' original motion, for if that were done the possible additional claims to which attorney Beal has referred would have to become the subject of a second Section 2255 motion, as to which Section 2255(h) would require presentment to the Court of Appeals in the first instance under 28 U.S.C. § 2244. It would seem far more orderly for this Court to be able to address all of Dingus' claims in their totality, so that if they were to go up to the Court of Appeals on appeal by either side as the losing party at this District Court level, the Court of Appeals would be in a position to review this Court's rulings as to all aspects of Dingus' case (in contrast to that court being burdened with the initial consideration of any additional claims).

Accordingly this Court dismisses Dingus' original motion without prejudice to attorney Beal's filing of an amended Section 2255 motion that may (1) withdraw any portions of Dingus' original motion that attorney Beal may deem inadequate as a matter of law (essentially providing the equivalent of an <u>Anders</u> brief in that respect), (2) reassert all other aspects of Dingus' original motion (something that may be done via incorporation by reference), with those aspects being treated as having been filed nunc pro tunc their original filing date as tendered by Dingus, and (3) include additional claims on Dingus' behalf as suggested by Beal's current motion (as to which this Court will address the relation-back issue referred to in Beal's current motion (see Fed R. Civ. P. 15(c)). That filing is to retain the same 16 C 1875 civil case number.

At today's designated presentment date for attorney Beal's current motion, this Court apprised both him and the Assistant Attorney General assigned to this case as to the nature of the

order to be entered in accordance with the preceding paragraph, and each side's counsel found that procedure entirely acceptable.  By agreement August 19, 2016 was set as the filing date for attorney Beal's reply.

                                              */s/ Milton I. Shadur*
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:  July 27, 2016