## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANTHONY DINGUS (#R-44941), | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 16 C 1875 |
| JEFF HUTCHINSON,[1] Warden, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM ORDER

Initially Anthony Dingus ("Dingus") filed a pro se 28 U.S.C. § 2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition") to mount a challenge to his state court conviction for murder and the resultant 50 year sentence. After this Court conducted its preliminary review as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it proceeded in the manner encapsulated in n.2 to its ultimate November 2, 2016 Memorandum Opinion and Order (the "Opinion"), which denied the ultimate Amended Petition and dismissed this action:

> In fact, as stated later in the section captioned Procedural History, Dingus had initially filed a pro se Section 2254 petition. Because this Court found that the answer filed in response to his submission plainly posed issues with which layman Dingus could not reasonably be expected to cope, it enlisted an experienced criminal defense lawyer to file a reply on his behalf -- and that counsel expanded Dingus' originally asserted contentions in the Petition.

---

[1] This action originally named then Warden Kimberly Butler as the respondent, but Warden Hutchinson was later substituted pursuant to Fed. R. Civ. P. 25(b) when he became the petitioner's custodian.

Attorney John Beal, the lawyer referred to in that n.2, did provide -- as this Court had anticipated -- first-rate work in that ultimately unsuccessful effort, but this Court's careful analysis embodied in the Opinion found that Dingus was simply not entitled to habeas relief. In a "never say die" spirit, on November 27 attorney Beal filed a Motion To Alter or Amend Judgment (the "Motion"), seeking "to vacate that judgment as improvidentially granted, to re-instate the action, and to order further briefing."

But in his zeal to represent Dingus, attorney Beal has stopped short of addressing the ultimately dispositive holding set out in the penultimate paragraph of the Opinion (immediately preceding the one-paragraph Conclusion that summarized the result):

> Moreover, even if the performance of Dingus' counsel were to be viewed as deficient in that respect, there is no realistic prospect that it prejudiced the outcome of his trial. Evidence of his guilt was overwhelming, and any potentially available defenses were weak at best. And in light of the particularly stringent standard for finding the state appellate court's decision unreasonable outlined previously, this Court must deny relief on the ground of ineffective trial counsel on multiple grounds.

This Court finds no reason to revisit any of the way stations en route to that destination by accepting attorney Beal's invitation to rehash the matters advanced in his latest Motion.[2] In sum, the Motion is denied.

Milton I. Shadur
Senior United States District Judge

Date: December 6, 2016

---

[2] This should not be misunderstood as giving credence to the parsing of the state court record attempted by attorney Beal. In that respect this Court's view continues to be that the Opinion dealt with that subject appropriately, but there is no need to engage in an effort that would not affect the final result in the case in any event.